UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

Frederick Darnell Dinwiddie and
Frederick Darnell Dinwiddie, Jr.,

    *Plaintiffs*,
v.                                          Case No.:

Classica Cruise Operator Ltd., Inc.,
A Foreign Corporation,

    *Defendant*.       /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Frederick Darnell Dinwiddie, Sr. and Frederick Darnell Dinwiddie, Jr., sue Defendant, Classica Cruise Operator Ltd., Inc., a Foreign Corporation, for damages and allege as follows:

### JURISDICTION AND VENUE

1. The Plaintiff, FREDERICK DARNELL DINWIDDIE, SR. is a citizen of Georgia.

2. The Plaintiff, FREDERICK DARNELL DINWIDDIE, JR. is a citizen of Georgia.

3. Defendant, Classica Cruise Operator, Ltd., Inc. ("Classica"), is a Bahamian corporation with its principal place of business is in Florida. At all times material Classica was doing continuous and systematic business in the Southern District of Florida by operating seagoing cruise vessels in Florida waters and engaging in the business of providing to the public and to the Plaintiffs in particular, for compensation, vacation cruises aboard their vessels.

4. Plaintiffs' respective claims each have a value in excess of $75,000.00 (Seventy Five Thousand Dollars) exclusive of interest and costs.

5. Diversity Jurisdiction is proper under 28 U.S.C. § 1332 as the Plaintiffs and Defendant are diverse and the value of the matter in controversy exceeds $75,000.00. Admiralty jurisdiction is also proper under 28 U.S.C. § 1333 as the cause of action is a maritime tort.

6. Venue is proper pursuant to both 28 U.S.C. § 1391 and the forum selection clause contained within the Defendant's cruise ticket.

### FACTS COMMON TO ALL COUNTS

Plaintiff hereby repeats and realleges paragraphs 1 – 6 as fully incorporated herein. Plaintiff further alleges:

7. At all times material, Defendant Classica owned and operated the vessel GRAND CLASSICA. Defendant operated the vessel on a cruise from West Palm Beach, Florida, to Freeport, Bahamas.

8. Plaintiff, FREDERICK DARNELL DINWIDDIE, SR., was a fare-paying passenger aboard the GRAND CLASSICA ("the vessel") on March 29, 2019.

9. Plaintiff, FREDERICK DARNELL DINWIDDIE, JR., was a fare-paying passenger aboard the GRAND CLASSICA ("the vessel") on March 29, 2019.

10. While on the cruise, on the evening of March 29, 2019, the Plaintiffs were spending time with their travel group in a nightclub on one of the upper most decks of the vessel. While in the night club, the Plaintiffs observed a male passenger who was visibly intoxicated, yelling and acting belligerent in the nightclub, and had even vomited on the dance floor. The Plaintiffs witnessed bartenders employed by the Defendant serving alcohol to this visibly intoxicated passenger even after he vomited on the dance floor due to his extreme level of intoxication.

11. The intoxicated passenger was yelling at the Plaintiffs and their travel group while in the nightclub, including yelling racial slurs.

12. The intoxicated passenger was escorted out of the nightclub by the ship's security forces. At the time he was being escorted out of the nightclub, the Plaintiffs observed the ship's security forces experiencing difficulty removing the intoxicated passenger from the night club.

13. Later on the same night, the Plaintiffs were leaving one of the ship's casinos and walked into a stairwell on the 9th deck. As they walked into the stairwell, they saw the same intoxicated male passenger from the night club with multiple crewmembers from the ship's security forces multiple decks above. Upon seeing the Plaintiffs, the intoxicated passenger leaned over the railing of the stairs and began yelling at the Plaintiffs again including racial slurs.

14. The Plaintiffs decided to leave the stairwell because of the intoxicated passenger and turned to walk out of the door. As they walked out of the stairwell, the intoxicated passenger ran from security, went down the stairs, and lunged at Plaintiff Frederick Dinwiddie Sr. Plaintiff Frederick Dinwiddie, Sr. was knocked unconscious by the passenger while he was trying to defend himself from being attacked.

15. When Frederick Dinwiddie, Sr. was knocked unconscious, his son attempted to help his father from becoming injured further. The passenger then began physically attacking Frederick Dinwiddie, Jr.

16. When Frederick Sr. woke from being knocked unconscious, he saw that the assailant was on top of his son. The father got up and was able to pull the passenger off his son. The passenger then turned back to Mr. Frederick Dinwiddie, Sr. and began to physically attack Mr. Dinwiddie, Sr. again.

17. The ship's security forces were standing by in the area simply watching the assault and battery on the two Dinwiddies by the intoxicated passenger the entire time and did not provide one bit of assistance to protect the Plaintiffs. The Plaintiffs, realizing that the ship's security forces were not going to help them, were forced to escape the passenger's attacks by retreating and running away from the intoxicated passenger.

18. The Plaintiffs never said nor did anything to provoke the intoxicated passenger while on the cruise prior to being attacked.

19. The ship's security forces were present and able to help stop the intoxicated passenger from attacking the Plaintiffs, and failed to do so.

20. As a result of being both physically and verbally attacked by the intoxicated passenger repeatedly while on the cruise, the Plaintiffs both sustained physical, mental, and emotional injuries, all of which have required medical treatment and will continue to require medical treatment in the future.

## COUNT I – NEGLIGENT SECURITY

Plaintiffs hereby repeat and reallege paragraphs 1 – 20 as fully incorporated herein. Plaintiffs further allege:

21. Defendant Classica had a duty to exercise reasonable care under the circumstances with regard to the Plaintiffs' safety while on the cruise.

22. On March 29, 2019, the Defendant and/or its agents, servants and/or employees and/or its crewmembers breached its duty of care to the Plaintiffs and was negligent through the following acts and/or omissions:

    a. by failing to provide adequate supervision and security personnel in public areas aboard the vessel;

b. by failing to provide adequate supervision and security personnel to protect passengers aboard the vessel;

c. by failing to maintain a reasonably safe environment on the cruise;

d. by failing to adequately train its security personnel;

e. by failing to provide adequate supervision and security presence aboard the vessel to deter dangerous public intoxication, deter bartenders from overserving visibly intoxicated passengers, and to deter violent behavior aboard the vessel;

f. by failing to provide enough security personnel in light of the size of the ship and number of passengers on board the vessel during the cruise;

g. failing to adequately supervise and keep control of the intoxicated male passenger who attacked the Plaintiffs;

h. by failing to protect the Plaintiffs from being verbally and physically attacked on board the vessel;

i. by failing to maintain and/or monitor security cameras on the vessel in order to identify and subvert potential dangerous situations, incidents, and passengers;

j. by failing to implement and/or enforce adequate policies and procedures regarding overserving and visibly intoxicated passengers in public areas of the vessel;

k. failure to adequately train and supervise security personnel;

l. by failing to implement reasonable security measures on board its vessel; and

  m. by failing to use reasonable, adequate and necessary force to control the assaulting passenger and keep the other passengers free from attack and injury.

23. The above actions and/or omissions proximately caused or contributed to the Plaintiffs' injuries because, had the Defendant provided reasonable security and implemented reasonable security measures consistent with the foregoing, the Plaintiffs would not have been repeatedly verbally and physically attacked, and would not have sustained the above-mentioned injuries.

24. The Defendant knew or should have known of the dangerous conditions that caused Plaintiffs' injuries, because the security officers had to remove the passenger from the nightclub earlier in the night for acting belligerent, visibly intoxicated, and yelling racial slurs at the Plaintiffs.  Prior to the incident, the Defendant knew that violent acts committed on passengers is a foreseeable result of inadequate security based on both the knowledge of its need to provide security as promised and posted on its website, and also based on past claims of injury made by passengers as a result of inadequate, negligent security on its vessels.

25. As a direct and proximate result of the Defendant's negligent failure to provide adequate security on board the ship, the Plaintiffs sustained severe physical and mental injures resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future. The Plaintiffs also lost the value of the cruise and incurred other incidental expenses

WHEREFORE, Plaintiffs Frederick Darnell Dinwiddie, Sr. and Frederick Darnell Dinwiddie, Jr. each pray for a judgment to be entered against the Defendant, Classica Cruise Operator Ltd., Inc., for compensatory damages in excess of Seventy Five Thousand Dollars ($75,000.00) including prejudgment and post judgment interest and costs. Plaintiffs demand a trial by jury.

## COUNT II – NEGLIGENT FAILURE TO WARN

Plaintiffs hereby repeat and reallege paragraphs 1 – 20 as fully incorporated herein. Plaintiffs further allege:

26. Defendant Classica had the duty to exercise reasonable care under the circumstances with regard to passengers on its ships. This duty included the duty to warn Plaintiffs of dangerous conditions that it either knew of, or should have known of, in areas where passengers were either invited or reasonable expected to visit during the cruise.

27. On March 29, 2019, the Defendant and/or its agents, servants and/or employees and/or crewmembers breached its duty of care to the Plaintiffs and was negligent through the following acts and/or omissions:

    a. by failing to warn the Plaintiffs of the danger of being attacked by intoxicated passengers on its vessel;

    b. by failing to warn the Plaintiffs that the bartenders on the ship would overserve visibly intoxicated passengers on the ship, even if showing signs of belligerent, violent behavior;

    c. failing to warn the Plaintiffs of the lack of adequate security aboard the vessel;

    d.  by failing to warn the Plaintiffs of past incidences of attacks by intoxicated passengers on its ships; and

    e.  by failing to warn the Plaintiffs that it had not detained and or secured the assailant in his cabin or otherwise so he was no longer a danger to them or other passengers.

28. The above acts and/or omissions proximately caused and/or contributed to the Plaintiffs being injured, because the Plaintiffs either would not have gone on the cruise had they known of the potential for being physically and verbally assaulted by intoxicated passengers, or they would have avoided the night club and other areas where heavy drinking, potential assaults/fights or lack of adequate ship's security often is expected to occur on the ship.

29. Prior to the incident, the Defendant knew or should have known that the foregoing conditions (namely loud, intoxicated, and verbally abusive passengers) could cause the subject attack and injuries based on the actual knowledge that the intoxicated passenger's condition and actions prior to the attack, past incidences of injuries to passengers caused by intoxicated passengers and crew, and by its own bartenders overserving the intoxicated passenger (continuing to serve him after he vomited on the dance floor and exhibited visible signs of intoxication).

30. As a direct and proximate result of the Defendant's negligent failure to warn the Plaintiffs of the danger of the intoxicated passenger and the lack of ship's security forces to adequately and properly keep passengers safe, the Plaintiffs sustained severe physical and mental injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing

condition.  The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.  The Plaintiffs also lost the value of the cruise and incurred other incidental expenses

WHEREFORE, Plaintiffs Frederick Darnell Dinwiddie, Sr. and Frederick Darnell Dinwiddie, Jr. each pray for a judgment to be entered against the Defendant, Classica Cruise Operator Ltd., Inc., for compensatory damages in excess of Seventy Five Thousand Dollars ($75,000.00) including prejudgment and post judgment interest and costs.  Plaintiffs demand a trial by jury.

## COUNT III – NEGLIGENCE

Plaintiffs hereby repeat and reallege paragraphs 1 – 20 as fully incorporated herein.  Plaintiffs further allege:

31. Defendant Classica owed Plaintiffs, as its passengers, the duty to act with reasonable care under the circumstances with regard to their safety while operating its cruise.

32. The Defendant failed to use reasonable care with regard to providing a reasonably safe environment for the Plaintiffs during the cruise vacation.

33. On March 29, 2019, the Defendant and/or its agents, servants and/or employees and/or its crewmembers breached its duty of care to the Plaintiffs and was negligent through the following acts and/or omissions:

      f.    by failing to provide adequate supervision and security aboard the vessel;

      g.    by over-serving alcohol to the passenger who attacked the Plaintiffs prior to the attack, even with visible signs of impairment and intoxication including belligerent, aggressive behavior and vomiting on the dance floor of the nightclub;

      h.    by failing to maintain a reasonably safe environment on the cruise;

      i.      by failing to adequately train its security personnel and bartenders;

      j.      by failing to implement policies and procedures for its security and bartenders to follow regarding serving alcohol to impaired and intoxicated passengers;

      k.      by failing to protect the Plaintiffs from being verbally and physically attacked on board the vessel; and

      l.      by failing to use reasonable care under the circumstances.

34. The above actions and/or omissions proximately caused or contributed to the Plaintiffs' injuries because, if the passenger who attacked the Plaintiffs had not been not overserved alcohol while visibly impaired and/or intoxicated and had been stopped by security before attacking the Plaintiffs they would not have sustained the above-mentioned injuries.

35. As a direct and proximate result of the Defendant's negligent failure to provide adequate security on board the ship and over-serving alcohol to another passenger, the Plaintiffs sustained severe physical and mental injures resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.  The Plaintiffs also lost the value of the cruise and incurred other incidental expenses

WHEREFORE, Plaintiffs Frederick Darnell Dinwiddie, Sr. and Frederick Darnell Dinwiddie, Jr. each pray for a judgment to be entered against the Defendant, Classica Cruise Operator Ltd., Inc., for compensatory damages in excess of Seventy Five Thousand Dollars

($75,000.00) including prejudgment and post judgment interest and costs.  Plaintiffs demand a trial by jury.

## COUNT IV – FAILURE TO TRAIN

Plaintiffs hereby repeat and reallege paragraphs 1 – 20 as fully incorporated herein. Plaintiffs further allege:

36. Defendant Classica had a duty to exercise reasonable care under the circumstances with regard to the Plaintiffs' safety.

37. This duty includes the duty to properly and sufficiently train its crewmembers to exercise reasonable care under the circumstances with regard to passengers, including but not limited to crewmembers working as security and bartenders.

38. On March 29, 2019, the Defendant and/or its agents, servants and/or employees and or its crewmembers breached its duty of care to the Plaintiffs and was negligent by failing to adequately train its security personnel who were on duty at the time the Plaintiffs were injured, and by failing to adequately train the bartenders working on the ship in the nightclub and all others who overserved the passenger who attacked the Plaintiffs.

39. The above actions and/or omissions proximately caused or contributed to the Plaintiffs' injuries because, had the Defendant provided adequate training to its crewmembers, they would have been equipped to exercise reasonable care under the circumstances in providing reasonable security for the Plaintiffs' protection, and the bartenders would not have overserved the subject passenger in the first place.

40. The Defendant knew or should have known of the dangerous conditions which caused Plaintiffs' injuries, the Defendant knew that violent acts committed on passengers is a foreseeable result of both inadequate security and overserving alcohol based on both the

knowledge of its need to provide security as promised and posted on its website, and also based on past claims of injury made by passengers as a result of inadequate, negligent security on its vessels and the over-serving of alcohol to its passengers which resulted in other injuries and altercations.

41. As a direct and proximate result of the Defendant's negligent failure to provide adequate security on board the ship, the Plaintiffs sustained severe physical and mental injures resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future. The Plaintiffs also lost the value of the cruise and incurred other incidental expenses

WHEREFORE, Plaintiffs Frederick Darnell Dinwiddie, Sr. and Frederick Darnell Dinwiddie, Jr. each pray for a judgment to be entered against the Defendant, Classica Cruise Operator Ltd., Inc., for compensatory damages in excess of Seventy Five Thousand Dollars ($75,000.00) including prejudgment and post judgment interest and costs. Plaintiffs demand a trial by jury.

/s/ Catherine Saylor
JACOB J. MUNCH
E-mail: sealaw@tampabay.rr.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172
*Attorneys for the Plaintiffs*